UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KELLY VINCENT MATHEWS,          Case No. 2:20-cv-00012

    Plaintiff,                            Hon. Janet T. Neff
                                            U.S. District Judge

v.

SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.   Introduction

In January 2020, Plaintiff Kelly Vincent Mathews filed a civil complaint against the Social Security Administration (SSA) in the Circuit Court for Marquette County, Michigan. (Complaint ECF No. 1-1, PageID.8.) Mathews alleged a "failure to respond and re-pay for services intentional physical harm." (*Id.*) The "case involves benefits for my myself" and "my two children." (*Id.*, PageID.6.) The SSA filed a notice of removal to this Court on February 2, 2020. (ECF No. 1.)

Pending before the Court is the SSA's motion to dismiss for lack of jurisdiction. (ECF Nos. 28, 29.) In February 2009, the SSA determined that that Matthews was entitled to Disability Insurance Benefits. (ECF No. 29-1, PageID.63-70.) In 2010, SSA conducted a review of disability and continued Matthews's disability benefits. (*Id.*, at PageID.63.) On February 13, 2017, SSA sent Matthews a "Notice of Continuing Disability Review" and requested updated medical information and an

authorization to disclose information to SSA. (*Id.*) SSA sent further notices in March and April to Matthews. (*Id.*) On May 8, 2017, SSA informed Matthews that benefits would no longer be paid due to his failure to provide information concerning his disability. (*Id.*) Matthews was notified of the right to file an appeal with SSA within 60 days. (*Id.*) No administrative appeal was filed. (*Id.*, PageID.64.)

Instead, on January 3, 2020, Matthews filed the aforementioned complaint in the Circuit Court for Marquette County, Michigan. (Complaint ECF No. 1-1, PageID.8.) Defendant responded by filing a notice of removal. (ECF No. 1.) On February 11, 2020, Matthews filed a one-page "Notification of Documents and Reponses." (ECF No. 11.) Matthews has not filed any other pleadings or documents in this case.

On May 29, 2020, the SSA filed a motion to dismiss for lack of jurisdiction. (ECF No. 28.) According to the motion, counsel for the SSA have been unable to contact Matthews. (*Id.*, PageID.50.) The Court has attempted to mail several orders to Matthews, but the notices have been returned because no forwarding address is known for Matthews. (ECF Nos. 32, 33, 34, 35, and 36.)

It is respectfully recommended that the Court dismiss this case for failure to prosecute because Matthews has not updated her address, responded to Defendant's motion, or filed any pleading in this case other than ECF No. 11. Alternatively, this matter should be dismissed for lack of subject matter jurisdiction.

## II. Failure to Prosecute

The Court has authority to dismiss a case under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute the case or to comply with rules, or a court order.  It is well settled that the Court has inherent authority to dismiss *sua sponte* an action with prejudice for failure to prosecute.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). As the United States Supreme Court explained:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law, e.g., 3 Blackstone, Commentaries (1768), 295—296, and dismissals for want of prosecution of bills in equity, e.g., id., at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b), which provides, in pertinent part:
> "(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * *
> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."
> Petitioner contends that the language of this Rule, by negative implication, prohibits involuntary dismissals for failure of the plaintiff to prosecute except upon motion by the defendant. In the present case there was no such motion.
> We do not read Rule 41(b) as implying any such restriction. Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to

3

> manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Id.* (footnotes omitted).

Matthews has failed to prosecute this case by keeping the Court informed of a current address or by otherwise filing any pleading in this case other than ECF No. 11. The Local Rules state that dismissal is appropriate for want of prosecution due to the "[f]ailure of a plaintiff to keep the court apprised of a current address." W.D. Mich. LCivR 41.1 provides as follows:

> **Local Civil Rule 41. Involuntary dismissal for want of prosecution or failure to follow rules**
>
> 41.1  A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, the presiding judge may enter an order of dismissal with or without prejudice, with or without costs. Failure of a plaintiff to keep the court apprised of a current address shall be grounds for dismissal for want of prosecution.

Accordingly, it is recommended that the Court dismiss this case for want of prosecution.

### III. Jurisdiction

After the SSA determines that an individual is disabled, the SSA conducts periodic Continuing Disability Reviews to determine if the individual is still eligible for disability benefits. 20 C.F.R. § 404.1589. The SSA conducted a second Continuing Disability Review for Matthews in February of 2017 and requested an authorization to obtain updated medical records. (ECF No. 29-1, PageID.77-83.) Matthews did not respond to the request. As a result, on May 8, 2017, the SSA sent Matthews a notice informing her that the SSA could no longer pay her benefits beginning May 2017 unless Matthews provided the needed information to SSA within 30 days. (ECF No. 29-1, PageID.86.) The notice further explained that Matthews had 60 days to file an

appeal at any Social Security office, or a good reason to file an appeal after 60 days had expired. (*Id.*, PageID.87.) Matthews did not respond by providing authorization for her medical records within 30 days and she did not file an appeal.

The U.S. District Court may review a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). The claimant must complete the following steps of the administrative process before seeking judicial review of a final agency decision: (1) Initial Determination; (2) Reconsideration; (3) Hearing before an Administrative Law Judge; and (4) Appeals Council review. 20 C.F.R. § 404.900(a)(1)-(4). After final agency review, a claimant may then file an appeal in the U.S. District Court. 20 C.F.R. §§ 404.900(a)(5) and 404.981. The record fails to show that Matthews completed the administrative process before seeking judicial review of a final administrative decision. "Federal district courts have jurisdiction to review final decisions of the SSA. 42 U.S.C. § 405(g). A decision of the SSA becomes 'final' only after the Appeals Council issues a decision." *Brown v. Comm'r of Soc. Sec.*, No. 18-1222, 2018 WL 7502897, at *2 (6th Cir. Aug. 30, 2018). Matthews has failed to show that the SSA made a final agency decision by establishing that administrative process was completed before seeking judicial review. Therefore, it is respectfully recommended that this court find that it lacks jurisdiction in this case.

## IV. Recommendation

Accordingly, it is respectfully recommended that the Court dismiss this case for failure to prosecute or, alternatively, grant Defendant's motion to dismiss (ECF No. 28) for lack of subject matter jurisdiction.

Dated: February 3, 2021              /s/ *Maarten Vermaat*
                                     MAARTEN VERMAAT
                                     U. S. MAGISTRATE JUDGE

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).